UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Charles Elmore, III, | ) | C/A No. 4:25-cv-06022-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Unknown Defendant(s), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Kenneth Charles Elmore, III, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. In an Order entered July 1, 2025, Plaintiff was directed to file certain documents to bring his case into proper form. He was also advised of material deficiencies in his Complaint and given the opportunity to file an amended complaint. ECF No. 5. Plaintiff has not filed the documents necessary to bring his case into proper form, and he did not file an amended complaint.

Plaintiff nonsensically listed his address in his Complaint as "East Coast to West World Wide – Chas to Mrytal Beach – New York – LA-GA N. Caroling[.]" ECF No. 1 at 2 (errors in original). Plaintiff provided an address on his proposed summons form (ECF No. 2 at 1), and the Proper Form Order was mailed to that address. On August 7, 2025, the Proper Form Order was returned as undeliverable.[1] ECF No. 9. On August 14, 2025, the Proper Form Order was remailed to an address Plaintiff provided in another case (2:25-cv-03890-RMG). ECF No. 10. On September 5, 2025, the Proper Form Order was returned as undeliverable with a notation of "Vacant Unable

_____

[1] There is handwriting on the returned envelope stating "Does NOT live here! Has never lived here! He's been told not to use my address!!" ECF No. 9.

to Forward." ECF No. 11. Plaintiff has not provided the Court with any other address and has not further contacted the Court.

## I.     BACKGROUND

In the "Defendant(s)" section of the complaint form, Plaintiff nonsensically lists his own name as Defendant such that the name(s) of the Defendant(s) to this action is unclear. *Id.* at 2. Plaintiff's statement of his claim is that:

> The Richison family with many family under ground with taken ones Brains and lifes over, with G force and Clocking USA with take over with a 8 wheel of under Ground Slavery without Permission Selling ones Souls and contoling them like Puppets and Killing they with take over of the USA Planget to warr

ECF No. 1 at 5 (errors in original). In the "Relief" section of the Complaint, Plaintiff does not appear to make any cognizable request for relief. *Id.*

## II.     STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *see also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.  DISCUSSION

It is recommended that this action be dismissed for the reasons discussed below.

A.  Lack of Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.

Plaintiff checked a box on the complaint form indicating his basis for federal court jurisdiction is federal question. ECF No. 1 at 3. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiff did not identify any specific federal statute, federal treaty and/or

provision of the United States Constitution that is at issue in this case. *See* ECF No. 1 at 3. Thus, Plaintiff fails to allege any basis for federal question jurisdiction.

Plaintiff also checked a box on the complaint form indicating he is asserting diversity jurisdiction. ECF No. 1 at 3. A district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged diversity of citizenship of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side). Additionally, Plaintiff has not asserted any facts to indicate that the amount allegedly owed or the amount at stake is more than $75,000. *See* ECF No. 1 at 4-5.

B.    Failure to State a Claim

Even if Plaintiff can establish jurisdiction, this action is also subject to summary dismissal because Plaintiff fails to state a cognizable claim. The Complaint is fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, 2011 WL 2671228 (D.S.C. July 8, 2011). As such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of prisoner's suit as frivolous where allegations were conclusory and nonsensical on their face).

4

As noted above, Plaintiff failed to specify the Defendant(s) he is attempting to bring a claim against. Moreover, his pleadings fail to provide any specific factual information to support a claim that Defendant(s) violated any of his rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

C.     <u>Failure to State a Request for Request Relief</u>

This action is also subject to summary dismissal because Plaintiff fails to state a cognizable claim for relief. In the "Relief" section, Plaintiff fails to state what relief he requests for the alleged wrongs of Defendant(s) and fails to explain the basis for any requested relief. *See* ECF No. 1 at 5. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).

D.     <u>Failure to Get Case into Proper Form</u>

Finally, Plaintiff has failed to bring this case into proper form. In the Proper Form Order, Plaintiff was directed to bring his case into proper form by providing certain documents (a

summons form listing every named Defendant,[2] a completed and signed Form USM-285 for each named Defendant, and a fully completed and signed pro se party's answers to Local Civil Rule 26.01 (D.S.C.) interrogatories form). ECF No. 5.

Plaintiff failed to provide the necessary documents to bring his case into proper form. The time for Plaintiff to bring this case into proper form has passed, and he has failed to provide all of the required proper form documents. Plaintiff was specifically warned (ECF No. 5) that the failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* Fed. R. Civ. P. 41. Thus, in the alternative, it is recommended that this action be dismissed without prejudice in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.    <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

September 23, 2025
Charleston, South Carolina

---

[2] Plaintiff submitted an incomplete summons form. ECF No. 2.
[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).